UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Joseph L. Rice, | ) | C/A No. 3:08-227-HFF-JRM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Report and Recommendation |
| | ) | |
| Tim Schultz, Chief of Police; and | ) | |
| Pacolet Police Department , | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

The plaintiff, Joseph L. Rice ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is a pretrial detainee in the Spartanburg County Detention Center, and files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint names as defendants the Chief of Police and Pacolet Police Department.[2] Plaintiff claims false arrest, slander and defamation of character. The complaint requests monetary damages. The complaint should be dismissed for failure to state a claim upon which relief may be granted.

**<u>Review Standard</u>**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] Title 28 U.S.C. § 1915A (a) provides that "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

(1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995) (*en banc*), *cert. denied*, 516 U.S. 1177 (1996); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam*). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986). The requirement of liberal

construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387, (4th Cir. 1990).

## Discussion

The complaint is subject to dismissal for failure to state a claim on which relief may be granted. To assert a claim under § 1983, the plaintiff must allege "deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983; *see also West v. Atkins*, 487 U.S. 42, 48 (1988). The complaint claims false arrest, which could be construed as a claim for unconstitutional deprivation of liberty under the Fourth Amendment's prohibition of unreasonable seizures. The complaint, however, indicates Plaintiff was arrested with a warrant. Under § 1983, "a public official cannot be charged with false arrest when he arrests a defendant pursuant to a facially valid warrant." *Porterfield v. Lott*, 156 F.3d 563, 568 (4th Cir. 1998); *Brooks v. City of Winston-Salem*, 85 F.3d 178, 181-82 (4th Cir. 1996)(when arresting official makes the arrest with a facially valid warrant it is not false arrest). The complaint does not allege the arrest warrant was not facially valid, or allege any defects in the arrest warrant itself. It is not the duty of the arresting officer to assess guilt or innocence, but merely to serve the warrant.

> A reasonable division of functions between law enforcement officers, committing magistrates, and judicial officers – all of whom may be potential defendants in a § 1983 action – is entirely consistent with "due process of law." Given the requirements that arrest be made only on probable cause and that one detained be accorded a speedy trial, we do not think a sheriff executing an arrest warrant is required by the Constitution to investigate independently every claim of innocence, whether the claim is based on mistaken identity or a defense such as lack of requisite intent. Nor is the official charged with maintaining custody of the accused named in the warrant required by the Constitution to perform an error-free investigation of such a claim. The ultimate determination of such claims of innocence is placed in the hands of the judge and the jury.

*Baker v. McCollan*, 443 U.S. 137, 145-46 (1979) (footnote omitted). An arresting officer is generally entitled to rely on a facially valid warrant in effecting an arrest. The complaint fails to state a claim under § 1983 for violation of the Fourth Amendment's guarantee of the "right of the people to be secure in their persons ... against unreasonable searches and seizures...and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing ... the persons or things to be seized." The complaint's § 1983 claim for false arrest should be dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The remaining claims of defamation and slander do not state a claim for deprivation of federal rights under § 1983. At most, the complaint alleges claims based on state law, and this Court has limited jurisdiction to consider such claims. Plaintiff's state law claims could be heard by this Court through the exercise of "supplemental jurisdiction," which allows federal courts to hear and decide state law claims along with federal law claims, *Wisconsin Dep't of Corrections v. Schacht*, 524 U.S. 381, 387 (1998); however, no valid federal claim has been presented to which the state law claims could attach. Federal courts are permitted to decline supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c)(3) if "the district court has dismissed all claims over which it has original jurisdiction." Under supplemental jurisdiction, the federal claim acts as a jurisdictional "crutch." David D. Siegel, Commentary on 1990 Revision, appended to 28 U.S.C.A. § 1367 (West 1993). Clause (c)(3) recognizes that, once that crutch is removed, the remaining state claim should not be adjudicated. *Id.*

A civil action for Plaintiff's state law claims could also be cognizable in this Court under the diversity statute, if that statute's requirements are satisfied. The diversity statute requires complete

diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00). 28 U.S.C. § 1332(a). Complete diversity of parties in a case means that no party on one side may be a citizen of the same State as any party on the other side. *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 372-374 (1978). This Court does not have diversity jurisdiction in this case because Plaintiff and Defendants are all citizens of the State of South Carolina, which defeats the required complete diversity of parties.

The complaint fails to state a claim under § 1983, and no jurisdiction is established to consider state law claims, so the complaint should be dismissed.

### **Recommendation**

Accordingly, it is recommended that the District Judge dismiss the complaint in this case *without prejudice* and without issuance and service of process. 28 U.S.C. § 1915A [as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal]. **The plaintiff's attention is directed to the important notice on the next page**.

                                                                  s/Joseph R. McCrorey
                                                                  United States Magistrate Judge

March 7, 2008
Columbia, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).